UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RODOLFO PACHECO,<br><br>                              Plaintiff,<br><br>-against-<br><br>UNITED STATES OF AMERICA; GEORGE, UNIVERSAL SECURITY; MARIA, C.B.S.; MARIA, PROGUARD PROTECTION, INC.; JIMMY, MY GUARD SECURITY,<br><br>                              Defendants. | 20-CV-8550 (LLS)<br><br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, invokes the Court's federal question jurisdiction, alleging that defendants violated his rights. By order dated October 26, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*,

550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff brings his claims using the Court's general complaint form. He checks the box invoking the Court's federal question jurisdiction, and in response to the follow-up question asking which of his federal constitutional or federal statutory rights have been violated, Plaintiff writes, "All of my Constitution [right are] being violated. Mass surveillance! https://jacobsm.com/baird/surveill.htm. On this we[b]site click on those four-bubbles, surveillance." (ECF No. 2, at 2.)

Plaintiff states that the events giving rise to his claims occurred "[e]verywhere, any where, no privacy," and that they have "been going on for six years." (*Id.* at 5.)

In the facts section of the complaint form, Plaintiff alleges:

Victim of U.S. sponsored mind control technologies operated by operatives, Agencies, and or in direct partnership with United State Military, Law Enforcement, and or Intelligence Agencies or International collaborative are ensured their constitutional Rights. N.S.A. etc.

That hearing voices and such related symptoms are not to be used for mental health warrants and or hospitalizations alone without a thor[o]ugh analysis of th[ei]r clai[m]s of suffering symptoms of U.S. sponsored mind control.

In the 1990's then President William Jefferson Clinton made public statements and apologies for Military/Intelligence programs using American citizens as non-consensual experimentees. Such public disclosures, at some point in time, should be addressed by the current administration of victims of U.S. sponsored mind control.

(*Id.* at 5-6.)

In the section of the form where he is asked to describe his injuries, Plaintiff writes, "All organs [are] being damage[d]. Skin damage, brain damage (Red blood cells). Vital organs etc. No privacy, imp[erso]nating myself and family, violating Rico law. Physical harm, stalked." (*Id.* at 6.)

Finally, where Plaintiff is asked to describe the relief he is seeking, he writes, "To[]rt Law violation. I want all of my constitution back. I want to sue, for torture, water grating me with technology, with technology on heinous crimes or falsely testif[y]ing, while I am sleeping. I lost everything!" (*Id.*)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court dismisses Plaintiff's complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

SO ORDERED.

Dated:   October 27, 2020
         New York, New York

                                                _Louis L. Stanton_
                                                  LOUIS L. STANTON
                                                     U.S.D.J.